UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Torgerson Properties, Inc.,                                    Civ. No. 20-2184 (PAM/KMM)

    Plaintiff,

v.                                                             **MEMORANDUM AND ORDER**

Continental Casualty Company,

    Defendant.

---

This matter is before the Court on Defendant's' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Torgeson Properties, Inc. ("TPI"), owns forty hotels, restaurants, and event centers in Minnesota and Florida, including franchises of well-known brands such as Best Western, Hilton, Holiday Inn, and Marriott. After Governors Tim Walz and Ron DeSantis ordered shutdowns in their respective states because of the coronavirus pandemic, TPI sought business-interruption insurance coverage from its insurer, Defendant Continental Casualty Company. Continental denied coverage, and this lawsuit followed.

At issue is whether the business-interruption or civil authority/ingress-egress provisions in TPI's policy provide coverage for the COVID shutdowns. The business-interruption provision states that it "covers against loss resulting from necessary interruption of business caused by direct physical loss of or damage to covered property . . . ." (Am. Compl. (Docket No. 1-2) Ex. 5 at 75.) Similarly, the civil authority/ingress-egress provision covers "actual loss sustained:"

      a.      during the period of time while access to the Insured's Location is prohibited by order of civil authority, but only when such order is given as a direct result of physical loss or damage to property of the type insured from a peril insured against occurring at or in the immediate vicinity of said Location; or

      b.      during the period of time when as a direct result of physical loss or damage to property of the type insured from a peril insured against, ingress to or egress from the Insured's Location is thereby physically prevented.

(Id. at 78.)

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).

In Minnesota, the interpretation of an insurance policy is a question of law. Jenoff, Inc. v. New Hampshire Ins. Co., 558 N.W.2d 260, 262 (Minn. 1997). The Court compares "the allegations in the complaint in the underlying action with the relevant language in the insurance policy." Meadowbrook, Inc. v. Tower Ins. Co., 559 N.W.2d 411, 415 (Minn. 1997) (emphases omitted). "While the insured bears the initial burden of demonstrating coverage, the insurer carries the burden of establishing the applicability of exclusions." Travelers Indem. Co. v. Bloomington Steel & Supply Co., 718 N.W.2d 888, 894 (Minn.

2006).

The weight of authority is nearly unanimous that state orders restricting business operations because of the pandemic are not covered under the policy provisions at issue here. Only one other decision in this District has addressed the issue. Seifert v. IMT Ins. Co., No. 20cv1102, 2020 WL 6120002 (D. Minn. Oct. 16, 2020) (Tunheim, C.J.). In Seifert, two hair salons sought insurance coverage after Governor Walz's executive orders closed their businesses. The insurance policy at issue contained the same "direct physical loss or damage to property" language that the policy here contains. However, the policy at issue in Seifert also contained a "Virus or Bacteria Exclusion" that excluded loss associated with a "virus, bacterium, or other microorganism . . . ." Id. at *2. Still, Seifert found that the loss of income caused by the executive orders did not fall within the business-income and civil-authority provisions, even in the absence of the virus exclusion. The decision noted that, while "structural damage" is not required to qualify for coverage, "[a]ctual physical contamination of the insured property is still required." Id. at *3. And the Eighth Circuit has made clear that the "mere loss of use or function" is not "'direct physical loss or damage' within the meaning" of the business-interruption provision. Pentair, Inc. v. Am. Guarantee & Liab. Ins. Co., 400 F.3d 613, 616 (8th Cir. 2005).

TPI argues that this case is different because TPI alleges that the virus itself contaminated the properties. But even assuming that virus contamination can constitute "direct physical loss," TPI in fact did not allege such contamination. Rather, TPI asserts that "consumers and employees have been physically unable to be present in the space" and that "its customers have been deprived of access to the insured property, causing the

3

function and value of TPI's property to be nearly eliminated or destroyed." (Am. Compl. (Docket No. 1-2) ¶ 29.)

TPI now asserts that it provided Continental with information that the virus was present in its hotels. But any allegation in that regard is not contained in the Amended Complaint. And the information to which TPI points consists of broad statements TPI made in claims documents that "[e]ssentially all employees have been affected by the virus and we believe that a substantial number have been quarantined. We believe that one employee has tested positive for the virus," and "[w]e believe that one visitor has tested positive for the virus." (Am. Compl. Ex. 12 at 133.) These general statements, even if they had been included in TPI's pleadings, are insufficient to establish the sort of contamination that might give rise to a claim for "direct physical loss" under the policy.

This case, then, is unlike the case of asbestos contamination, which the Minnesota Court of Appeals found was a "direct physical loss." Sentinel Mgt. v. N.H. Ins. Co., 563 N.W.2d 296, 300 (Minn. Ct. App. 1997). "[A] building's function may be seriously impaired or destroyed and the property rendered useless by the presence of contaminants." Id. Here, it is not the presence of the virus on the premises that closed TPI's properties (or caused people to stop visiting those properties), but rather the executive orders meant to slow the virus's spread.

> The term "direct physical loss of or damage to property" plainly requires physical loss of or some form of physical damage to the insured property to effect coverage. Put another way, the words "direct" and "physical," which modify the words "loss" and "damage" relay actual, demonstrable loss of or harm to some portion of the premises itself. . . . [T]he term "direct physical loss or of damage to" does not encompasses simple deprivation of use.

4

Zwillo V, Corp. v. Lexington Ins. Co., No. 4:20cv339, 2020 WL 7137110, at *4 (W.D. Mo. Dec. 2, 2020).

**CONCLUSION**

TPI has not established that its insurance policy provides coverage for its claims. Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss (Docket No. 15) is **GRANTED** and the Amended Complaint (Docket No. 1-2) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 17, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge